# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER CANTU, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>KINGS COUNTY, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-00538-NONE-SAB<br><br>ORDER REQUIRING THE PARTIES TO SUPPLEMENT BRIEFING ON COUNTY DEFENDANTS' MOTION TO DISMISS |

　　　　Currently before the Court are two motions to dismiss filed by Kings County, David Robinson, Kings County Sheriff, Kings County Sheriff Department (hereafter "County Defendants"), and NaphCare, Inc. (hereafter "Defendant NaphCare"). (ECF Nos. 6, 10.) The matters have been referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (ECF No. 15.) Upon review of the County Defendants' motion to dismiss, the Court finds that the parties have not adequately briefed the dismissal of Defendant Kings County Sheriff's Department. The Court shall require the parties to file supplemental briefing on this issue.

　　　　Defendants County of Kings and the Kings County Sheriff Department argue that they are redundant defendants and allowing claims to proceed against both defendants has the potential to subject them to double recovery against the same entity citing cases finding such.

　　　　Plaintiff counters that they can choose to sue more than one of the culpable entities citing to <u>Berry v. Robinson</u>, No. CV01–02069DDF(SHX), 2002 WL 356764 (C.D. Cal.) and there is no statutory requirement to make the Plaintiff choose between the county and the sheriff's

1

1  department in bringing this action.

2  The County Defendants reply that Plaintiffs misunderstand the holding of <u>Berry</u> which
3  addressed a request by the county to be substituted in place of a named defendant.  Defendants
4  argue they are not attempting to override the Plaintiffs' choice to sue but are addressing the fact
5  that certain defendants are redundant as the Plaintiffs have sued the sheriff and the entities by
6  which he is employed.  As relevant to the supplement briefing, Defendants argue that the Kings
7  County Sheriff's Office is a department of Kings County and as such it should be dismissed as
8  redundant.

9  The weight of authority on this issue finds that "[c]laims against a municipality and its
10 respective police department are treated as claims against the municipality and thus not subject to
11 suit under § 1983."  <u>Gomes v. Cty. of Kauai</u>, __ F.Supp.3d ___, 2020 WL 5097835, at *4 (D.
12 Haw. Aug. 26, 2020); <u>see also</u> <u>Vance v. Cty. of Santa Clara</u>, 928 F.Supp.993, 996 (N.D. Cal.
13 1996); <u>Vargas v. Cty. of San Bernardino</u>, No. EDCV18946MWFKKX, 2018 WL 6177243, at *3
14 (C.D. Cal. July 30, 2018) ("Since the Sheriff's Department is nothing more than a subdivision of
15 the County, Plaintiff must assert his § 1983 claims against the County alone, and not against the
16 Sheriff Department."); <u>Nelson v. Cty. of Sacramento</u>, 926 F.Supp.2d 1159, 1170 (E.D. Cal.
17 2013) (sheriff's department is not a property defendant in a section 1983 action); <u>Jewett v. City</u>
18 <u>of Sacramento Fire Dep't</u>, No. CIV.2:10-556 WBS KJN, 2010 WL 3212774, at *2 (E.D. Cal.
19 Aug. 12, 2010) (same); <u>Menchaca v. San Diego Sheriff's Dep't</u>, No. 3:17-CV-02059-JAH-JMA,
20 2018 WL 840252, at *3 (S.D. Cal. Feb. 13, 2018) (collecting cases); <u>Cartee v. Imperial Cty.</u>
21 <u>Sheriff's Dep't</u>, No. 3:18-CV-00327CAB-AGS, 2018 WL 2411742, at *3 (S.D. Cal. May 29,
22 2018) (same).

23 While the Ninth Circuit has not directly addressed whether naming a sheriff's department
24 or a police department is redundant or duplicative of the municipal entity, Defendants do not
25 address that there is a split within district courts in the Ninth Circuit on this issue.  See <u>Tennyson</u>
26 <u>v. Cty. of Sacramento</u>, No. 2:19-CV-00429-KJM-EFB, 2020 WL 4059568, at *6 (E.D. Cal. July
27 20, 2020) (recognizing divergent views of the courts on this issue).  Certain courts, including the
28 district judge who will be deciding this issue, rely on <u>Streit v. Cty. of Los Angeles</u>, 236 F.3d 552,

1    555 (9th Cir. 2001), and have found that under Rule 17 of the Federal Rules of Civil Procedure a
2    sheriff's department is a separately suable entity under California law and deny such requests for
3    dismissal based on the argument that the law enforcement entity is duplicative or a redundant
4    defendant.  See Estate of Osuna v. Cty. of Stanislaus, 392 F.Supp.3d 1162, 1171 (E.D. Cal.
5    2019); Estate of Pimentel v. City of Ceres, No. 1:18-CV-01203-DAD-EPG, 2019 WL 2598697,
6    at *3 (E.D. Cal. June 25, 2019) (finding the binding decisions control resolution and denying
7    request to dismiss claim against police department as duplicative); Estate of Alejandro Sanchez
8    v. Cty. of Stanislaus, No. 1:18-CV-00977-DAD-BAM, 2019 WL 1745868, at *3 (E.D. Cal. Apr.
9    18, 2019) (same); Tennyson, 2020 WL 4059568, at *6 (following Streit).

10      However, in Will, the Supreme Court affirmed prior holdings that municipalities and
11   similar governmental agencies are persons subject to suit under section 1983.  Will v. Michigan
12   Dep't of State Police, 491 U.S. 58, 70 (1989); Howlett By & Through Howlett v. Rose, 496 U.S.
13   356, 376 (1990).  While the Streit court found that a police department was a suable agency
14   under Rule 17, neither Streit nor the cases upon which it relies address the issues here which is
15   whether the sheriff's department is a person subject to suit under section 1983 and whether a suit
16   brought against the county and the county's sheriff department are duplicative and would subject
17   the entity to impermissible double recovery against a single entity.

18      In Streit, the court found that the Sheriff's Department is a county, not a state agency.
19   Streit, 263 F.3d at 561.  The court considered that the California Government Code established
20   that the Sheriff's Department operated for the county and not the state in administering local
21   prison policy.  Id.  The California Government Code grants "the county boards of supervisors
22   broad fiscal and administrative powers for the management of the individual county jails so long
23   as the boards do not 'obstruct the investigative function of the sheriff of the county' " and
24   "counties retain the power to transfer control of a county jail from the sheriff to a county-created
25   department of corrections, suggesting that the counties actually control and operate the jails, and
26   not the state via the sheriffs."  Id. (citing Cal. Gov. Code § 23013, 25303 and Beck v. County of
27   Santa Clara, 204 Cal.App.3d 789, 793 (1988)).  Even if the function was viewed more broadly as
28   the oversight and management of county jails, the appellate court found that the sheriff acts for

the county in this management function.  Streit, 263 F.3d at 562.  However, Streit, did not address whether the Sheriff's Department was a person within section 1983.

Additionally, regardless of whether the Sheriff's Department is a suable entity, in reality, a judgment against the sheriff's department would be considered a judgment against the county. Ward v. Nevada, No. 309-CV-00007-RCJ-VPC, 2010 WL 1633461, at *4 (D. Nev. Feb. 26, 2010), report and recommendation adopted, No. 3:09-CV-7-RCJ(VPC), 2010 WL 1640427 (D. Nev. Apr. 21, 2010), aff'd sub nom. Ward v. Waldron, 474 F. App'x 598 (9th Cir. 2012).  Under the California Government Code, the county and not the state would pay damages for a section 1983 claim making the county liable for the actions of the sheriff department.  Streit, 263 F.3d at 562 (citing Cal. Gov. Code § 815.2); but see Villa v. Dona Ana Cty., No. CV 09-976 BB/WPL, 2010 WL 11619163, at *5 (D.N.M. Sept. 14, 2010) ("Whether [the principle that state law allows the sheriff's department to be sued] can be extended to § 1983 claims appears to be an open question.  At this point, however, it is an open question that seems to make no practical difference in the case; Plaintiffs will not be allowed to obtain a double recovery no matter how many defendants they name.").

The parties shall address this split in authority in their supplemental briefing.

Accordingly, IT IS HEREBY ORDERED that:

1. Within **fourteen (14) days** of the date of entry of this order, the County Defendants shall file supplemental briefing addressing the issue of whether the Sheriff's Department is a person that can be sued under section 1983; and

2. Within **seven (7) days** of the date of filing of County Defendants' supplemental brief, Plaintiffs shall file a supplemental response.

IT IS SO ORDERED.

Dated:   **February 5, 2021**

UNITED STATES MAGISTRATE JUDGE