# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER CANTU, et. al., | Case No. 1:20-cv-00538-JLT-SAB |
| Plaintiffs, | ORDER DENYING PLAINTIFF G.C.'S MOTION TO SEAL PETITION FOR APPROVAL OF SETTLEMENT OF MINOR'S CLAIMS WITHOUT PREJUDICE |
| v. | |
| KINGS COUNTY, et al., | |
| Defendants. | (ECF No. 59) |

On August 15, 2023, the parties filed a notice of settlement of this entire action. (ECF No. 51.) Plaintiffs G.C.'s petition for minor's compromise is currently due on or before October 6, 2023. (ECF No. 58.) On September 29, 2023, Plaintiffs filed a motion to seal the forthcoming petition. (ECF No. 59.) Plaintiff G.C. requests the petition and all supporting exhibits be allowed to be filed under seal. Plaintiff G.C. proffers that Federal Rule of Civil Procedure 5.2 requires only the minor's initials be used in public filings, and precludes the use of a full birthdate, and the order to deposit funds into a blocked account and other paperwork requires the use of the full name and date of birth of the minor.

Pursuant to the Local Rule of the United States Court, Eastern District of California ("L.R."), documents may only be sealed by written order of the Court upon the showing required by applicable law. L.R. 141(a). Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Kamakana v.

1  City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner
2  Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)).  Nevertheless, this access to judicial records
3  is not absolute.  Kamakana, 447 F.3d at 1172.  The court has recognized a category of documents
4  that is not subject to the right of public access because the documents have "traditionally been
5  kept secret for important policy reasons."  Times Mirror Co. v. United States, 873 F.2d 1210,
6  1219 (9th Cir. 1989).

7  There are two different standards for sealing documents.  First, where the request to seal
8  addresses "private materials unearthed in discovery," such as discovery or non-dispositive
9  motions, the moving party is required to show that good cause exists to seal the documents.
10 Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010).  Second, where documents are
11 accompanying a motion for resolution of disputes on the merits that "is at the heart of the interest
12 in ensuring the 'public's understanding of the judicial process and of significant public events . .
13 . 'compelling reasons' must be shown to seal judicial records attached to a dispositive motion."
14 Kamakana, 447 F.3d at 1179.  The Ninth Circuit has recently found that the focus is not on the
15 dispositive nature of the motion, but whether the motion at issue is more than tangentially related
16 to the merits of the case.  Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th
17 Cir.), cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety, 137 S. Ct. 38 (2016).

18 This Court has already held in "agree[ment] with those courts that find that a request to
19 seal documents attached to a petition for minor's compromise must meet the compelling reasons
20 standard.  Patino v. Cnty. of Merced, No. 118CV01468AWISAB, 2020 WL 8617417, at *2
21 (E.D. Cal. Sept. 11, 2020) (collecting cases).  Therefore, the party seeking to have the document
22 sealed must present "articulable facts" identifying the interests that favor secrecy and show that
23 these specific interests overcome the presumption of access because they outweigh the public's
24 interest in understanding the judicial process.  Kamakana, 447 F.3d at 1180.  The Court starts
25 from the strong presumption in favor of access to public records and then considers whether the
26 party seeking to have the record sealed has demonstrated a compelling reason to have the record
27 sealed.  Id. at 1178-79.  This requires the Court to conscientiously balance the competing
28 interests of the public in accessing the records and the party who seeks to keep the records secret.

Id. at 1179.  The Court is required to "articulate the factual basis for its ruling, without relying on hypothesis or conjecture."  Id. (citations omitted).  The fact that the parties have agreed to keep information confidential is not a compelling reason to seal court records.  Foltz v. State Farm Mutual Automobile Insurance Co., 331 F.3d 1122, 1138 (9th Cir. 2003.)

However, in support of sealing, Plaintiff G.C. argues that the filings are only tangentially related to the merits of the case and "focus more fully on the current status of Plaintiff's well-being, as well as the economics of the proposed settlement."  Thus, Plaintiff does not argue compelling reasons support sealing the petition or the related documents.

The Court finds no compelling reasons to seal this information have been presented to the Court.  See Estate of Levingston v. Cty. of Kern, No. 116CV00188DADJLT, 2017 WL 4700015, at *2 (E.D. Cal. Oct. 19, 2017); Ambriz v. CVS Pharmacy, Inc., No. 119CV01391NONEBAM, 2020 WL 4368364, at *2 (E.D. Cal. July 30, 2020).  The Court shall therefore deny the motion without prejudice to refiling.  It is also not appear good cause would support the broad sealing request here encompassing the entirety of the forthcoming petition and supporting documents.

In this regard, the Court advises Plaintiff G.C. to consider the necessity of sealing any forthcoming petition in its entirety.  Specifically, the Court notes that the documents provided to the Court and that Plaintiff seeks to seal, are standard forms used by the California courts for approving settlements.  This Court is typically presented with a noticed motion for approval of a minor's compromise, that complies with the various requirements of Local Rule 202.[1]  This

---

[1] The Rule requires the following information:

> The application shall disclose, among other things, the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent. If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court. The Court may also require the filing of experts' reports when none have previously been prepared or additional experts' reports if appropriate under the circumstances. Reports protected by an evidentiary privilege may be submitted in a sealed condition to be reviewed only by the Court in camera, with notice of such submission to all parties.

L.R. 202(b); see also L.R. 202(c) ("Disclosure of Attorney's Interest."); Vasquez v. Cnty. of Stanislaus, No. 119CV01610AWISAB, 2021 WL 1549756, at *4 (E.D. Cal. Apr. 20, 2021) ("[T]he Court ordered supplemental

1  Court has approved petitions for minor's compromise that had underlying agreements providing
2  for funding of the settlement into specific accounts or annuities for the minors, without needing
3  to reference the account numbers or personal identifying information in the order.

4  In this regard, Plaintiff G.C. is also advised to review Local Rule 140, which provides for
5  the use of minor's initials and redaction of other specific information, such as birthdates, bank
6  account numbers, and social security numbers, and consider whether the privacy interests can be
7  protected by the use of redactions.  See Estate of Levingston, 2017 WL 4700015, at *2 ("Some
8  of these items are required to be redacted, at least in part, by Local Rule 140 . . . this information
9  appears on only one page of the submitted material, and does not warrant sealing the entirety of
10 the document . . . the plaintiffs should resubmit this material appropriately redacted in
11 accordance with the Local Rules."); Ambriz, 2020 WL 4368364, at *3 (in denying the motion for
12 absence of compelling reasons, noting the "parties shall comply with Local Rule 140 regarding
13 privacy concerns and redaction," when submitting the underlying documents, but also informing
14 the parties that they were "not precluded from filing, either individually or jointly, a renewed
15 request to seal to protect the minor's privacy interests.").

16 Ultimately, if counsel demonstrates that the Court needs to issue an aspect of an order
17 referencing such information in full unredacted form, and thus an aspect of an order is required
18 to be filed under seal, the Court will consider a renewed request to seal limited documents or an
19 order thereon, supported by compelling reasons and narrowly tailored to information needed to
20 be sealed.

21 / / /
22 / / /
23 / / /
24 / / /

---

briefing addressing: (1) the express disclosure of the age and sex of the minor as required by Local Rule 202(b)(2); (2) the identification of the individual causes of action that are being settled; (3) whether any injuries were permanent; (4) the manner of how payment to the minor would be disbursed, such as whether the funds would be placed into a blocked account; (5) the amount of legal costs that Plaintiff Vasquez would be covering rather than being apportioned between Vasquez and J.V.; and (6) caselaw demonstrating the appropriateness of the settlement amount.").

Accordingly, IT IS HEREBY ORDERED that Plaintiff G.C.'s motion to seal the petition for approval minor's compromise (ECF No. 59), is DENIED without prejudice.[2]

IT IS SO ORDERED.

Dated: __**October 2, 2023**__

UNITED STATES MAGISTRATE JUDGE

---

[2] The deadline to file the petition for minor's compromise remains set for October 6, 2023, however, Plaintiff may request an extension based on good cause.