# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER CANTU, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KINGS COUNTY, et al.,<br><br>    Defendants. | Case No. 1:20-cv-00538-JLT-SAB<br><br>ORDER REQUIRING PLAINTIFF G.C. TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF Nos. 58, 61)<br><br>**DEADLINE: OCTOBER 18, 2023** |

      On August 15, 2023, the parties filed a notice of settlement of this entire action. (ECF No. 51.) On August 16, 2023, the Court set a deadline of thirty (30) days to file the petition for minor's compromise, however, noted that if the parties require additional time, they may file a stipulated request demonstrating good cause. The deadline to file a petition for minor's compromise expired and on September 26, 2023, the Court issued an order to show cause why sanctions should not be imposed. (ECF No. 55.) On September 28, 2023, the Court discharged the order to show cause. (ECF Nos. 58.) In discharging the order to show cause, the Court noted Plaintiff's counsel's proffer that the petition for minor's compromise would be filed with or without the signature of the guardian ad litem by September 29, 2023, and the Court extended the deadline for one week, to October 6, 2023, in order to obtain the signature. (ECF No. 58 at 2.)

      On September 29, 2023, Plaintiff G.C. filed a motion to seal the petition for minor's

compromise. (ECF No. 59.) On October 3, 2023, the Court denied Plaintiff's motion to seal without prejudice. (ECF No. 60.) In the order issued on October 3, 2023, the Court expressly noted that "[t]he deadline to file the petition for minor's compromise remains set for October 6, 2023, however, Plaintiff may request an extension based on good cause." (ECF No. 60 at 5 n.2.)

Nothing else was filed by the deadline, and on October 11, 2023, the Court issued an order to show cause in writing why sanctions should not be imposed for the failure to abide by the Court's order. (ECF No. 61.) A response to that order to show cause was due within three days of entry, or October 16, 2023. On October 12, 2023, Plaintiff filed a motion to approve the minor's compromise, and supporting materials. (ECF Nos. 62, 63, 64, 65.) However, Plaintiff did not file a written response to the order to show cause.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000). The Court's order required Plaintiff to show cause in writing why sanctions should not be imposed. Plaintiff has provided no such written direct response, and therefore, the Court is unable to discharge the order to show cause, despite the filing of the motion. Rather than immediately impose sanctions, the Court will afford one additional day to provide a direct written response to the Court's order to show cause.

Accordingly, IT IS HEREBY ORDERED that:

1. On or before **October 18, 2023**, Plaintiff G.C. shall show cause in writing why sanctions should not issue for the failure to comply with the Court's order issued September 28, 2023; and

2. The failure to comply with this order will result in the issuance of sanctions.

IT IS SO ORDERED.

Dated:   **October 17, 2023**

UNITED STATES MAGISTRATE JUDGE