# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER CANTU, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>KINGS COUNTY, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-00538-JLT-SAB<br><br>ORDER DISCHARGING ORDERS TO SHOW CAUSE<br><br>(ECF Nos. 58, 60, 61, 66, 67) |

　　On August 15, 2023, the parties filed a notice of settlement of this entire action. (ECF No. 51.) On August 16, 2023, the Court set a deadline of thirty (30) days to file the petition for minor's compromise, however, noted that if the parties require additional time, they may file a stipulated request demonstrating good cause. The deadline to file a petition for minor's compromise expired and on September 26, 2023, the Court issued an order to show cause why sanctions should not be imposed. (ECF No. 55.) On September 28, 2023, the Court discharged the order to show cause. (ECF Nos. 58.) In discharging the order to show cause, the Court noted Plaintiff's counsel's proffer that the petition for minor's compromise would be filed with or without the signature of the guardian ad litem by September 29, 2023, and the Court *sua sponte* extended the deadline for one week, to October 6, 2023, in order to obtain the signature. (ECF No. 58 at 2.)

　　On September 29, 2023, Plaintiff G.C. filed a motion to seal the petition for minor's

1  compromise. (ECF No. 59.) On October 3, 2023, the Court denied Plaintiff's motion to seal
2  without prejudice. (ECF No. 60.) In the order issued on October 3, 2023, the Court expressly
3  noted that "[t]he deadline to file the petition for minor's compromise remains set for October 6,
4  2023, however, Plaintiff may request an extension based on good cause." (ECF No. 60 at 5 n.2.)

5  Nothing else was filed by the deadline, and on October 11, 2023, the Court issued an
6  order to show cause in writing why sanctions should not be imposed for the failure to abide by
7  the Court's order. (ECF No. 61.) A response to that order to show cause was due within three
8  days of entry, or October 16, 2023. On October 12, 2023, Plaintiff filed a motion to approve the
9  minor's compromise, and supporting materials. (ECF Nos. 62, 63, 64, 65.) However, Plaintiff
10 did not file a written response to the order to show cause.

11 On October 17, 2023, the Court issued an order to show cause why sanctions should not
12 be imposed due to the fact Plaintiff had not directly responded in writing to the October 11,
13 2023, order to show cause. (ECF No. 66.) Essentially, the Court afforded Plaintiff an additional
14 day to file a direct response rather than immediately impose sanctions, given Plaintiff had filed
15 the underlying motion. (Id.)

16 On the same date, October 17, 2023, Plaintiff's counsel filed a declaration in response to the
17 Court's orders. (Decl. Stacey R. Cutting, ECF No. 67.) First, counsel declares that the Court's
18 October 3, 2023, "order did not specify when additional documentation should be filed or if it did,
19 I completely missed it. I also believed that instead of filing the same California state forms
20 previously filed, I needed to draft new documents that complied with the local rules." (Cutting
21 Decl. ¶ 7.) **Counsel missed such specification, contained in multiple orders.** In addition to
22 the initial deadline simply not expiring because it was never complied with in the first place, the
23 Court took the time to make such status clear to the Plaintiff in that the Court's order specifically
24 stated that: "The deadline to file the petition for minor's compromise remains set for October 6,
25 2023, however, Plaintiff may request an extension based on good cause." (ECF No. 60 at 5.)
26 This aspect of the order was in fact quoted verbatim two more times when the Court restated the
27 procedural posture. First, in the Court's order issued on October 11, 2023. (ECF No. 61 at 2:3-
28 5.) And again in the Court's order issued on October 17, 2023. (ECF No. 66 at 2:2-4.)

1  Therefore, in addition to no event occurring that would alter the deadline, three of the
2  Court's orders expressly informed Plaintiff that the deadline was not altered, before and after the
3  deadline expired.  At this point, counsel should have ensured the accuracy of the proffer of either
4  the order not containing such instruction or that counsel completely missed it, before making
5  such a proffer to the Court, as counsel could have easily confirmed this lack of knowledge by
6  simply reading the order that is a subject of the order to show cause, rather than presuming the
7  Court's order *may* have omitted such information.

8  Turning back to the declaration, counsel declares that: "I was working on those
9  documents when the Court issued an OSC re: Sanctions for Failure to Comply with the Court's
10 order on October 11, 2023"; "I was so focused on complying with the Court's orders that I
11 overlooked the fact that the Court was also requesting a written declaration as to why we did not
12 comply with the previous orders"; "On October 12, 2023, I filed the motion to approve the
13 compromise of the minor along with associated documents."; and "Counsel for the minor
14 apologizes to the Court for having to issue multiple OSC's for the failure to file documents."
15 (Cutting Decl. ¶¶ 8-11.)  Counsel also proffers the following information:

> I offer the following reasons for my oversight: I was on medical leave when the original filing was due; the doctor indicated that I should plan on a 30 day leave of absence to recover from surgery but I returned to work after just two weeks. In hindsight, perhaps that was a bit early as I was still recovering from surgery when this Court issued its initial OSC orders. Admittedly, I have not been nearly as sharp as I should be. In my rush to comply with the Court's orders I missed a critical component, the portion of the order requiring a written declaration for the OSC.

21 (Cutting Decl. ¶ 12.)  Counsel then states: "In addition to my inattention to detail, shortly after
22 my return to the office from medical leave, my firm parted ways with the colleague who was
23 originally supposed to handle this  minor's compromise," that the "vacancy has led to additional
24 work for not only myself, but the other attorneys at the firm," that "[t]his case was not the only
25 case that had work that should have been done, but was not completed," and again apologizes.
26 (Id. at ¶¶ 13, 14.)
27 / / /
28 / / /

3

While counsel is admonished for failing to adhere to the orders of the Court, and for additionally submitting a declaration that demonstrates the Court's orders are not being carefully read, the Court finds barely sufficient good cause to discharge the order to show cause.

Accordingly, IT IS HEREBY ORDERED that the orders to show cause issued on October 11, 2023, and October 17, 2023, (ECF Nos. 61, 66), are DISCHARGED.

IT IS SO ORDERED.

Dated:  **October 18, 2023**

UNITED STATES MAGISTRATE JUDGE