# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER CANTU, et al., | Case No. 1:20-cv-00538-JLT-SAB |
| Plaintiffs, | ORDER REQUIRING PETITIONER TO SUBMIT SUPPLEMENTAL BRIEFING IN SUPPORT OF PETITION TO COMPROMISE MINOR'S CLAIMS |
| v. | |
| KINGS COUNTY, et al., | (ECF Nos. 62, 63, 64, 65) |
| Defendants. | **DEADLINE: DECEMBER 8, 2023** |

On October 12, 2023, minor Plaintiff G.C., through their guardian ad litem Maryzol Jones ("Petitioner"), filed a petition to compromise Plaintiff G.C.'s claims in this action. (ECF Nos. 62, 63, 64, 65.) The matter is currently set for hearing on December 13, 2023. (ECF No. 62.) The Court has reviewed the application materials and shall require supplemental briefing in advance of the hearing.

Pursuant to Local Rule 202, the application for approval of a proposed settlement of a minor's claims "shall disclose, among other things," the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court

> whether the injury is temporary or permanent. If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court. The Court may also require the filing of experts' reports when none have previously been prepared or additional experts' reports if appropriate under the circumstances. Reports protected by an evidentiary privilege may be submitted in a sealed condition to be reviewed only by the Court in camera, with notice of such submission to all parties.

L.R. 202(b)(2).

The application materials do not sufficiently identify the nature of the individual causes of action that are being settled, as required by the Local Rules. For example, while the application generally describes the events underlying the claim, the most specific information regarding the causes of action to be settled is the statement that: "G.C. alleged claims for emotional and mental damage from the loss of his father." (ECF No. 62 at 1-2.) Further, the proposed order states differently that "G.C. brought claims against defendants for the wrongful death of his father." (ECF No. 64 at 2.)

The Court finds the Petition has not met the requirements of the Local Rules, particularly when considering the nature of the operative complaint. The Court notes the first amended complaint currently reflects that Plaintiffs Roger Cantu, individually; Linda Brown, individually, G.C., a minor by and through his guardian ad litem Maryzol Jones, individually, and as successor-in-interest to decedent, as well as Gregory Cantu, bring their Complaint against Defendants Kings County, Kings County Sheriff's Department, and Naphcare, Inc. (ECF No. 25.) The first cause of action is for Denial of Medical Care - 42 U.S.C. §1983, brought only by Plaintiff G.C. against Defendant Naphcare. The second cause of action is for Unconstitutional Custom or Policy - 42 U.S.C. §1983, brought by all Plaintiffs against all Defendants. The third cause of action is for Substantive Due Process (Loss of Parent/Child Relationship) - 42 U.S.C. §1983, by all Plaintiffs against all Defendants. The fourth cause of action is for Violation of Title II of the Americans with Disabilities Act - 42 U.S.C. § 12132, by Plaintiff G.C. against Defendants Kings County and Kings County Sheriff's Department. The fifth cause of action is for Wrongful Death: Negligence, against all Defendants.

Based on the various causes of action brought by Plaintiffs in various capacities and G.C.

particularly in relation to the claims overall, the application materials do not sufficiently describe "the nature of the causes of action to be settled or compromised . . . [nor] the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise."  L.R. 202(b)(2).  In this regard, the Court further notes the settlement is split between the Defendants as follows: "Naphcare has agreed to pay $25,000.00 and The Kings County Sherrif's [sic] Dept. and the County of Kings have agreed to pay $2,500.00."  (ECF No. 62 at 2.)  It is additionally difficult for the Court to perform an analysis in the absence of the description of the nature of the causes of action in relation to the differing parties on the claims, and the amounts of settlements.

Again, the petition generally states: "G.C. alleged claims for emotional and mental damage from the loss of his father."  (ECF No. 62 at 2.)  Then the petition makes the proffer that: "G.C. received no treatment from any physician for any of his mental or emotional injuries and has fully recovered."  (ECF No. 62 at 2.)  It is unclear how the Court is to accept the proffer of a full recovery of a minor that has received no treatment for any of the mental or emotional injuries alleged.  The Court views the petition as mainly arguing the settlement is fair due to this, and due to issues of Defendants' liability.  However, as presented, the Court cannot perform an analysis of the fairness and reasonableness of the settlement, given the bare assertions and above deficiencies.  If no treatment has been received by the minor, the Court must accept that fact, but the Court cannot simply accept proffers such as full recovery in the face of no treatment, without additional information, or supporting caselaw showing the settlement amount is fair, for example, in light of the totality of the circumstances and issues of liability.

In this regard, while not expressly required under the Local Rules, the petition provides no caselaw demonstrating the appropriateness of the settlement amount here.  The Ninth Circuit has directed that "[s]o long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties."  Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011).  The Petitioner shall provide supporting caselaw to the extent necessary to demonstrate

the net recovery is fair and reasonable in light of the average recovery in similar cases, in light of the nature of the causes of action to be settled, and other information necessary to determine the fairness of the settlement.

Finally, the Local Rules also provide the following guidelines for disbursements of money to minors:

> **(e) Payment of Judgment.** Whenever money or property is recovered on behalf of a minor or incompetent person, the money or property will be (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor or incompetent person.

L.R. 202(e)-(f). The proposed order avers that: "Pursuant to Petitioner's proposal, the total net settlement shall be deposited into a blocked account that would available [sic] to Plaintiff on his 18th birthday," and the text of the proposed order suggests the parties have requested the Court to order such. (ECF No. 64 at 4.) However, the actual petition makes no mention of the manner of disbursement, and the Court will not rely on a vague statement in the proposed order. Petitioner shall describe the manner of disbursement of the payment to the minor in supplemental briefing, so that the Court can issue an appropriate order of disbursement. See, e.g., Dumas v. City of Elk Grove, No. 2:09-CV-01573-GEB, 2012 WL 2116390, at *1 (E.D. Cal. June 6, 2012) (structuring payments to minors into fixed annuities in blocked accounts payable on eighteenth birthdays); Parson v. City of Bakersfield, No. 107CV01468OWW DLB, 2009 WL 453118, at *1–2 (E.D. Cal. Feb. 23, 2009) (depositing payment to minor into insured account subject to withdrawal only upon authorization of the court until reaching age of eighteen); Lobaton v. City of San Diego, No. 15-CV-1416 GPC (DHB), 2017 WL 2298474, at *3 (S.D. Cal. May 26, 2017) (settlement payment placed in blocked account, with restriction on withdrawal without court order).

Petitioner shall provide supplemental briefing addressing the issues described above, and as required by the Local Rules more generally. See L.R. 202; Hughey v. Camacho, No. 2:13-CV-02665-TLN-AC, 2019 WL 1208987, at *3 (E.D. Cal. Mar. 14, 2019) (Plaintiffs have met the procedural requirements of Local Rule 202(b)(2) . . . Plaintiffs have identified the Minor, G.H.,

as a six-year-old male; and have identified the claims to be settled in the pending action, all relevant background facts, and the manner in which the proposed settlement was determined.").

If the supplemental briefing provides sufficient information to comply with the Local Rule and for the Court to determine the fairness of the settlement, the Court is inclined to vacate the hearing set for December 13, 2023, and avoid the need for the minor Plaintiff to attend the hearing. See L.R. 202(d) ("Upon the hearing of the application, the representative compromising the claim on behalf of the minor or incompetent, and the minor or incompetent shall be in attendance unless, for good cause shown, the Court excuses their personal attendance.").

Accordingly, IT IS HEREBY ORDERED that Petitioner shall file supplemental briefing in support of the petition that addresses the issues discussed in this order, **on or before December 8, 2023**.

IT IS SO ORDERED.

Dated:   **December 1, 2023**

UNITED STATES MAGISTRATE JUDGE